UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

------------------------------------------------------X
JOHN DOE,                                  :
                                       :        Civil Action No: 1:17-cv-03781
          **Plaintiff,**         :
                                       :
          -against-             :
                                       :
THE UNIVERSITY OF CHICAGO,   :
                                       :
          **Defendant.**        :
------------------------------------------------------X

## **INITIAL STATUS REPORT**

1. **The Nature of the Case**

    A. **Identify the attorneys of Record for each party, including the lead trial attorney.**

    Counsel for Plaintiff:                    Counsel for Defendant:

    James P. Fieweger                  Scott L. Warner (lead counsel)
                                                Katelan E. Little
    Falkenberg Fieweger & Ives, LLP     Franczek Radelet P.C.
    30 N. LaSalle St., Suite 4020           300 South Wacker Drive, Suite 3400
    Chicago, IL 60602                     Chicago, IL 60606
    (312) 566-4802                        (312) 786-6523
    jpf@ffilaw.com                       slw@franczek.com/kel@franczek.com

    - and –

    Kimberly C. Lau (lead counsel)
    Warshaw Burstein, LLP
    555 Fifth Avenue
    New York, NY 10017
    (212) 984-7709
    klau@wbny.com

    B. **State the basis for federal jurisdiction.**

    Plaintiff asserts a claim under Title IX of the Education Amendments Act, 20 U.S.C. § 1681, et seq., and this Court has jurisdiction over that claim pursuant to 28 U.S.C. § 1331. The

{986161.1 }

Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

**C. State the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff claims that he was wrongfully expelled from a Ph.D. program at the University of Chicago (the "University") for charges related to sexual harassment and stalking. Plaintiff further claims that the University's actions in expelling him were unprecedented and made in bad faith in violation of the University's policies.

Currently, there is no counterclaim.

**D. State the major legal and factual issues anticipated in the case.**

*Plaintiff's Statement of Major Legal and Factual Issues*

(1) Evidence supporting Plaintiff's defenses to charges of stalking and sexual harassment.

(2) Lack of evidence for hearing committee's decision.

(3) Lack of evidence for hearing committee's sanction.

(4) Lack of evidence for initial review panel's increased sanction.

(5) Whether Plaintiff's expulsion was motivated by gender discrimination.

(6) Whether Plaintiff's expulsion was arbitrary and capricious and in violation of the University's policies.

(7) Whether Plaintiff is entitled to equitable and injunctive relief to reestablish Plaintiff's position and standing at the University as it was prior to the issuance of the decision of the Review Board.

*Defendant's Statement of Major Legal and Factual Issues*

From the University's perspective, the major factual issues include:

(1) The evidence supporting the finding that Plaintiff engaged in stalking and sexual harassment in relation to a fellow student in a 4-student cohort;

{986161.1}                                    2

      (2)      The impact that Plaintiff's conduct had on his fellow student;

      (3)      The reasons for the hearing committee's initial sanction decision;

      (4)      The reasons for the initial review panel's decision to modify the sanctions initially imposed; and

      (5)      The outcome of the review process expected to be completed in the near future, including the rationale for any decision reached as a result of that review process.

The major legal issues include whether any of the University's actions were (1) the product of gender bias, such that they can form the basis of a Title IX sex discrimination claim; and (2) arbitrary and capricious, such that they can form the basis of a student breach of contract claim under Illinois law.

    **E. Describe the relief sought by the plaintiff.**

Plaintiff seeks a judgment in an amount to be determined at trial, including, expenses, costs and disbursements. Plaintiff seeks attorneys' fees pursuant to Title IX. Plaintiff also seeks all equitable and injunctive relief needed to reestablish Plaintiff's position and standing at the University as it was prior to the issuance of the decision of the Review Board.

**2. Pending Motions and Case Plan**

    **A. Identify the date of the initial status hearing.**

An initial status conference is scheduled for June 14, 2017. The parties anticipate that the Complaint may require amendment following the conclusion of the request for review process that is expected to be complete in the coming weeks. Thus, the parties seek to discuss with the Court the parties' mutual agreement to hold in abeyance the Defendant's time to file a responsive pleading and the deadline for exchanging Rule 26(a)(1) disclosures until a date after the request for review process has concluded.

    **B. Identify all pending motions.**

None.

**C. Submit a proposal for a discovery plan including the following information:**

    **1. The general type of discovery needed.**

The parties anticipate document requests, interrogatories, requests for admission and depositions.

    **2. A date to issue written discovery.**

The parties propose that the deadline to issue written discovery shall be within thirty (30) days of the deadline for the Defendant to file a responsive pleading.

    **3. A date for the deadline for the amendment of pleadings.**

The parties propose that the deadline for amendment of pleadings shall be within ninety (90) days after discovery begins.

    **4. A fact discovery completion date**

The parties propose that fact discovery shall be completed within seven (7) months after discovery begins.

    **5. If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports**

The parties propose that expert discovery shall be completed within three (3) months after fact discovery is completed, with the Plaintiff's expert report(s) being due within thirty (30) days after the close of fact discovery, Defendant's expert report(s) being due within thirty (30) days thereafter, and any rebuttal expert reports being due within thirty (30) days after the Defendant's expert report(s) are due.

    **6. A date for the filing of dispositive motions**

The parties propose that dispositive motions should be filed within sixty (60) days after the completion of all discovery.

    **D. With respect to trial, indicate whether a jury trial is requested and the**

{986161.1}    4

**probable length of trial.**

The Plaintiff has demanded a jury. The parties anticipate that the length of trial will be eight (8) days.

3. **Consent to Proceed Before a Magistrate Judge**

    A. **Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.**

    The parties do not unanimously consent to proceed before a Magistrate Judge.

4. **Status of Settlement Discussions**

    A. **Indicate whether any settlement discussions have occurred;**

    None.

    B. **Describe the status of any settlement discussions; and**

    N/A.

    C. **Whether the parties request a settlement conference.**

    The parties do not currently request a settlement conference.

    Respectfully Submitted,

| s/ James P. Fieweger | s/ Scott Warner |
|---|---|
| One of Plaintiff's Attorneys | One of Defendant's Attorneys |

Counsel for Plaintiff:

James P. Fieweger
Illinois Bar No. 6206915
Falkenberg Fieweger & Ives LLP
30 N. LaSalle St., Suite 4020
Chicago, IL 60602
Tel: (312) 566-4802
Email: jpf@ffilaw.com

-and-

Kimberly C. Lau, Esq. (*pro hac vice*)
Warshaw Burstein, LLP

Counsel for Defendant:

Scott Warner
Katelan Little
Franczek Radelet, P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 786-6523
slw@franczek.com
kel@franczek.com

555 Fifth Avenue
New York, NY 10017
Tel: (212) 984-7709
Email:  klau@wbny.com