UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------X
JOHN DOE,                                  :
                                           :         Civil Action No: 1:17-cv-03781
         Plaintiff,                    :
                                           :
        -against-                          :
                                           :
THE UNIVERSITY OF CHICAGO,                 :
                                           :
         Defendant.                    :
---------------------------------------------------------X

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

### INTRODUCTION

Pursuant to the Order of the Court dated May 26, 2017 (Dkt. 13), plaintiff, John Doe, ("Plaintiff") respectfully submits this memorandum in further support of his motion of Plaintiff's *Ex Parte* Motion to proceed under a pseudonym (Dkt.# 2) (the "Motion"). Specifically, the Court requested further briefing to address the applicability, if any, of *Doe v. Vill. of Deerfield*, 819 F.3d 372 (7th Cir. 2016) on the Motion.

### STATEMENT OF FACTS AND PROCEDURAL POSTURE

The pertinent facts are as stated in Plaintiff's Motion and the Declaration of Kimberly C. Lau, annexed thereto. The aforementioned documents are incorporated into this Memorandum by reference.

Defendant has not opposed Plaintiff's Motion, and does not object to the relief being sought.

{985839.2 }

## ARGUMENT

### A. *DOE V. VILLAGE OF DEERFIELD*

In *Village of Deerfield*, false statements were made to police officers, which resulted in plaintiff's wrongful arrest for violating town ordinances. *Id*. at 374. Ultimately, plaintiff's underlying criminal case was resolved favorably and his criminal records were expunged. *Id*. Plaintiff subsequently filed a lawsuit to seek redress for his false arrest and asserted claims pursuant to 42 U.S.C. § 1983 and Illinois state law. *Id*. at 374. Seeking to proceed under a pseudonym, Plaintiff argued that revealing his true identity in the lawsuit would cause embarrassment and defeat the purpose of his criminal case expungement. *Id*. At 375. The district court disagreed and determined that potential embarrassment is insufficient to justify anonymity. The Seventh Circuit sustained the district court's order.

The Seventh Circuit has identified the anonymity inquiry as a discretionary, fact specific one. *Village of Deerfield,* 819 F.3d at 376. Circumstances justifying a plaintiff's anonymity include the fear of retaliation. *Id*. at 377. After reviewing the district court's fact-specific inquiry, however, the Seventh Circuit determined that anonymity was not justified absent plaintiff's identification of circumstances to overcome the presumption of public disclosure or outweigh the potential prejudice to the opposing parties. *Id*. Notably, the plaintiff in *Village of Deerfield* failed to identify any fear of retaliation by proceeding under his real name.

*Village of Deerfield* is factually inapposite to this case where Plaintiff, here, has identified the risk of retaliatory harm. As outlined in the Motion, the disclosure of Plaintiff's true identity would cause irreparable harm to John Doe's reputation due to the stigma associated with sexual misconduct charges, which is further compounded by the severe sanction of expulsion from the University. Going beyond a mere "sexual harassment claim," Plaintiff's sexual

harassment and stalking charges resulted in his expulsion from the University. In light of Plaintiff's extreme and severe sanction of expulsion, the stigma associated with these set of facts is more akin to the stigma associated with sexual assault claims than some "low-level" harassment offense. John Doe is particularly vulnerable to retaliatory harm, in that he would be instantly identifiable through Internet searches as associated with these stigmatizing charges. The risk of retaliatory harm to Plaintiff is tangible; Plaintiff risks losing his Ph.D. candidacy, immigration status, and future career opportunities.

The tangible risk of retaliatory harm outlined in this case is distinguishable from *Village of Deerfield,* and substantially outweighs any nominal harm to the public in concealing Plaintiff's true name. Moreover, there is simply no prejudice or harm to Plaintiff's adversary, who did not object to Plaintiff's requested relief and is already aware of Plaintiff's true name.

B. *CASES RELIED UPON BY DOE V. VILLAGE OF DEERFIELD*

The other Seventh Circuit cases referenced in *Village of Deerfield* Court are equally inapposite. *Id.* at 377. In *Coe v. Cty of Cook*, 162 F.3d 491 (7th Cir. 1998), the plaintiff sought to proceed anonymously to avoid embarrassment of "impregnating a woman to whom he was not married." *Id*. at 498. In *Doe v. City of Chicago*, 360 F.3d 667 (7th Cir. 2004), the plaintiff failed to indicate any basis for proceeding anonymously as it related to her sexual harassment claim. *Id.* at 669. *Cty. of Cook* and *City of Chicago* are not useful benchmarks.

In *Cty of Cook*, Seventh Circuit held that "the embarrassment felt by a person who engages in immoral or irresponsible conduct is not a compelling basis" to allow him to proceed anonymously. *Id.* The plaintiff in *Cty of Cook* failed to identify any risk of retaliatory harm and did not dispute the embarrassing allegations; he merely did not want to be publicly associated with them. Here, however, Plaintiff believed he was in a romantic relationship with Jane Doe,

did not believe he violated the University's policies, and argues that he was wrongfully expelled as a result. Plaintiff brought this lawsuit to challenge the University's actions in arriving at its disciplinary findings and his expulsion. Unlike the plaintiff in *Cty of Cook,* Plaintiff has set forth egregious, tangible retaliatory harm that would flow from a denial of this Motion.

In *City of Chicago*, the Seventh Circuit held that the "danger of retaliation is often a compelling ground for allowing a party to litigate anonymously" even in cases involving sexual harassment claims. 360 F.3d 669 (*citing Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068-69 (9th Cir. 2000); *United States v. Doe,* 655 F.2d 920, 922 n. 1 (9th Cir.1981); *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. 1981); *Gomez v. Buckeye Sugars,* 60 F.R.D. 106 (N.D.Ohio 1973)). Unlike the plaintiff in *City of Chicago*, who provided *no basis* for proceeding anonymously, the Plaintiff has set forth a clear danger of retaliation stemming from the accusation that he committed sexual harassment and stalking, which resulted in his expulsion. Simply put, the stigma associated with the charges here are tantamount to a more egregious category of sexual misconduct, like rape or torture. *City of Chicago*, 360 F.3d 669. Plaintiff's expulsion for the charged conduct implies that his actions were much more egregious than the typical sexual harassment claim. Plaintiff has provided a sufficient basis for proceeding anonymously.

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, John Doe respectfully requests that he be permitted to continue to use a pseudonym to pursue his claims against the University in this action, together with such other and further relief as the Court deems just and proper.

**Dated:   June 9, 2017**

          **Respectfully submitted,**

          By:   /s/ James P. Fieweger
          James P. Fieweger
          Illinois Bar No. 6206915
          **FALKENBERG FIEWEGER & IVES LLP**
          30 N. LaSalle St., Suite 4020
          Chicago, IL 60602
          Tel: (312) 566-4802
          Email: jpf@ffilaw.com

          -and-

          **WARSHAW BURSTEIN, LLP**
          Kimberly C. Lau, Esq
          555 Fifth Avenue
          New York, NY 10017
          Tel: (212) 984-7709
          Email:  klau@wbny.com
          *Attorneys for Plaintiff John Doe*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

-------------------------------------------------------X
JOHN DOE, :
: Civil Action No: 1:17-cv-03781
       **Plaintiff,** :
:
       -against- :
:
THE UNIVERSITY OF CHICAGO, :
:
       **Defendant.** :
-------------------------------------------------------X

## NOTICE OF FILING

TO:    All Parties Who Are Currently On The Court's Electronic Mail Notice List

PLEASE TAKE NOTICE that on the 9th day of June, 2017 I filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division via the Court's CM/ECF system *Memorandum of Law in Further Support of Plaintiff's Motion to Proceed Under a Pseudonym*, a copy of which is attached and hereby served upon you.

## CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of this Notice and above referenced filing on counsel of record for all parties entitled to service by electronically filing same in accordance with the Court's electronic filing requirements on June 9, 2017.

By:   */s/James P. Fieweger*

James P. Fieweger
FALKENBERG FIEWEGER & IVES LLP
30 N. LaSalle St., Suite 4020
Chicago, Illinois 60602
312-566-4802
jpf@ffilaw.com

{985839.2 }